GONUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT KING** | * | **CIVIL ACTION NO. 22-5601** |
| | * | |
| **VERSUS** | * | **JUDGE: JAMES D. CAIN, JR.** |
| | * | |
| **SAFECO INSURANCE COMPANY OF OREGON** | * | **MAGISTRATE: KATHLEEN KAY** |
| | * | |

**SAFECO INSURANCE COMPANY OF OREGON'S
NOTICE OF REMOVAL**

Safeco Insurance Company of Oregon ("Safeco") respectfully submits this notice of removal. In support of this notice of removal, Safeco states as follows:

**INTRODUCTION**

1. On August 10, 2022, plaintiff Robert King commenced this action in state court. *See* State Court record, attached as Exhibit A, *in globo*.

2. Plaintiff is domiciled in Calcasieu Parish. *See* Petition at ¶ 1.

3. Plaintiff alleges that the residential property located at 816 Idlewilde Lane, Lake Charles, LA 70605 sustained damage due to Hurricane Laura on August 27, 2020 and due to Hurricane Delta on October 9, 2020. Petition at ¶¶ 3–5.

4. Plaintiff alleges that Safeco issued homeowners policy number OF2258044 and that the policy provides coverage for the alleged property damage. *See* Petition at ¶ 3.

5. Safeco is a non-Louisiana citizen.

6. This action was filed in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, captioned *Robert King vs. Safeco Insurance Company of Oregon*, Docket No. 2022-3557, Div. "D."

7. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount in controversy for plaintiff's claim exceeds the sum of $75,000, exclusive of interests and costs.

8. The 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, is a state court within the Western District of Louisiana, Lake Charles Division.

9. Safeco has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A, *in globo*.

**REMOVAL IS TIMELY**

10. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

    > The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
    > . . .
    > [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

    28 U.S.C. § 1446(b).

11. Plaintiff filed suit on August 10, 2022, and Safeco was served with the petition on September 6, 2022. *See* Exhibit A.

12. Plaintiff filed suit seeking an unspecified amount of damages, mental anguish, emotional distress and inconvenience, statutory penalties, attorney fees, interest, and costs. *See* Petition at ¶¶ 17–19.

13. Plaintiff's claim for bad faith penalties, fees, and damages evidences that the amount in controversy exceeds $75,000. *See Dana Gauthier v. Liberty Mutual Insurance Company*, No. 22-00115 (W.D. La. 02/22/2022); *Charles and Tammy Guillory v. Louisiana Farm Bureau*, No. 2021-1254 (14th Judicial District Court for the Parish of Calcasieu, State of Louisiana) (awarding $65,000 to a plaintiff in general damages for Hurricane Laura claim).

14. This removal is being filed within thirty (30) days of service of the petition on Safeco. 28 U.S.C. § 1446.

15. Plaintiff filed the petition on August 10, 2022, so the original notice of removal is being filed within one year of commencement of the action. *See* Exhibit A.

## DIVERSITY JURISDITION

16. The Court has original diversity jurisdiction over plaintiff's claim because the parties are completely diverse and plaintiff's alleged damages exceed $75,000 as demonstrated by plaintiff's claims for an unspecified amount of damages, mental anguish, emotional distress and inconvenience, statutory penalties, attorney fees, interest, and costs.

### *The Parties Are Completely Diverse*

17. Plaintiff is domiciled in Calcasieu Parish, Louisiana. *See* Petition *generally* and at ¶ 6. Accordingly, plaintiff is a citizen of Louisiana.

18. Safeco is a company organized and existing under the law of the State of Oregon, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* La. Department of Insurance Form, attached as Exhibit C. Accordingly, Safeco is a citizen of Oregon and Massachusetts for the purposes of diversity jurisdiction.

### *The Amount in Controversy Exceeds $75,000*

19. Safeco, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

20. Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

21. Here, plaintiff seeks damages under homeowners policy number OF2258044 with coverage limits of $219,400 for dwelling, $21,940 for other structures, $164,620 for contents, and $43,880 for loss of use. *See* Policy, attached as Exhibit B. The deductible is $1,000. *Id*.

22. Although plaintiff's petition does not allege any specific amount in controversy, plaintiff seeks an unspecified amount of damages under the policy. *See* Petition at ¶¶ 17–19

23. To date, Safeco has paid plaintiff $62,864.97 under dwelling coverage and $5,366.56 under other structures coverage.

24. When the prior payments of $62,864.97 under the dwelling coverage paid by Safeco is subtracted from the $219,400 in dwelling policy limits, plaintiff could seek and recover up to $156,535.03 under Coverage A.

25. When the prior payments of $5,366.56 under the other structures coverage paid by Safeco is subtracted from the $21,940 in other structures policy limits, plaintiff could seek and recover up to $16,573.44 under Coverage B.

26. Plaintiff could seek and recover $164,620 in contents damages under Coverage C and $43,880 in additional living expenses under Coverage D.

27. In addition to the unspecified amount of property damages sought by plaintiff, plaintiff seeks mental anguish, emotional distress and inconvenience, statutory penalties, attorney fees, interest, and costs under Louisiana Revised Statutes 22:1892 and 22:1973.  *See* Petition *generally* and at ¶ 23.

28. Bad faith penalties, damages, and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied."); *Randall v. State Farm Fire & Cas. Co.*, No. 11-1358, 2011 WL 3204705, at *2 n. 17 (E.D. La. July 27, 2011).

29. Under Louisiana law, bad faith penalties, damages, and fees are assessed in accordance with Louisiana Revised Statutes 22:1892 and 22:1973.

30. The penalty assessed under Louisiana Revised Statute 22:1973 when an insurer has breached its statutory duty of good faith and fair dealing is to be "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."  La. R.S. 22:1973(C) (emphasis added).

31. General damages are recoverable under Louisiana Revised Statute 22:1973(C).

32. The penalty assessed under Louisiana Revised Statute 22:1892 is 50 percent of the difference between the amount paid and the amount found to be due, as well as attorneys' fees. La. R.S. 22:1892(B)(1).

33. Attorneys' fees are recoverable under Louisiana Revised Statute 22:1892. *Id*.

34. Plaintiff cannot recover penalties under both bad faith statutes, but plaintiff can recover general damages under Louisiana Revised Statute 22:1973(C) while also recovering a 50 percent penalty plus attorneys' fees under Louisiana Revised Statute 22:1892. *Consolidated Companies, Inc. v. Lexington Ins. Co.*, 616 F.3d 422 (5th Cir. 2010).

35. The award of general damages under Louisiana Revised Statute 22:1973(C) is a determination made by the finder of fact. In a recent Hurricane Laura case, a Lake Charles jury awarded each plaintiff $65,000 in general damages under Louisiana Revised Statute 22:1973(C) (in addition to attorneys' fees and a penalty of double the damage sustained). *Charles and Tammy Guillory v. Louisiana Farm Bureau*, No. 2021-1254 (14th Judicial District Court for the Parish of Calcasieu, State of Louisiana). An additional $65,000 in general damages is disputed in this action, bringing the total amount in controversy above $75,000.

36. Louisiana Revised Statute 22:1892 permits the recovery of attorneys' fees. In *Sugartown United Pentecostal Church Inc. v. Church Mutual Insurance Co.*, No. 21-01672, this Court calculated plaintiff's attorneys' fees at 30 percent of the total amount due to plaintiff before costs. Plaintiff's claim for attorneys' fees increases the amount in controversy further beyond $75,000.

## CONCLUSION

37. In sum, there exists complete diversity of citizenship between plaintiff and Safeco. Plaintiff has presented to Safeco a demand for an unspecified amount of property damages, mental anguish, emotional distress and inconvenience, statutory penalties, attorney fees, interest, and

costs under Louisiana Revised Statutes 22:1892 and 22:1973. The disputed amount exceeds $75,000. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly, Safeco respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

                              Respectfully submitted,

                              */s/ Patrick J. Lorio*
                              H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
Christopher W. Smith, 35324
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Fax: (504) 322-7520
mpipes@pipesmiles.com
plorio@pipesmiles.com
csmith@pipesmiles.com

*Attorneys for Safeco Insurance Company of Oregon*